## WORSLEY v. INDUST. COM.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Oct. 28, 1927.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**631. INDUSTRIAL COMMISSION—85. Appeal.**
Reconsideration of claim essentially different from re-hearing. Statute provides that appeal can be taken from re-hearing, and such appeal cannot be taken from reconsideration.

Error to Common Pleas.
Judgment affirmed.

I. Freeman, Youngstown, for Worsley.
R. L. Thomas, Pros. Atty., Youngstown, for Indust. Com.

STATEMENT OF FACTS.

On Jan. 19, 1926, Arthur Worsley was regularly employed by E. J. Ludt, trading as the Fox Heating & Sheet Metal Co., a business enterprise in the city of Youngstown. He alleges that while about his employment the index finger of his left hand was injured; that it became infected from the injury and that his finger is now stiff; that the injury to his finger was quite serious. On the 30th day of January, 1926, he filed his application with the Industrial Commission of Ohio for an allowance of compensation on account of his injury, and on Mar. 18, 1926, his claim was heard, considered and refused, upon the ground that the proof filed did not show that the injury was sustained in the course of his employment, and on June 1, 1926, it is claimed that a reconsideration of his claim was asked and granted. On June 15. 1926, the Commission found that the evidence did not warrant a revocation of the former order, and on June 17, 1926, he was so notified. No other application for a reconsideration or a rehearing was ever filed, no evidence taken or record made as required by Sec. 1465-90 GC. On or before July 6, 1926, notice of appeal was given, and on July 6, 1926, he filed his petition in the Court of Common Pleas of this county, and on Oct. 13, 1926, his second amended petition was filed and subsequently the commission filed its answer thereto. On May 2, 1927, said cause came on to be heard when Worsley was sworn, took the witness stand and an objection was made to his testimony, by the Industrial Commission, and the objection was sustained. Not offering any further testimony, a judgment was entered for defendant and he now prosecutes this action to reverse that judgment.

FARR, J.

"It must be conceded that the rights and duties of the parties are fixed by Section 1465-90 GC., as amended. The Commission complains: first, that he did not exhaust his remedy before the Commission, and that there was no final order by the Commission before filing his appeal in the Court of Common Pleas, and that therefore the Court of Common Pleas has no jurisdiction of the action.

It is clear that, in the instant case, he had only asked for and had a reconsideration of his claim, which is essentially different from a rehearing. He could not appeal until there was final action upon one of the statutory grounds denying him participation at all in the fund, and if there was no right of appeal, then the Court of Common Pleas was without jurisdiction to hear the cause.

The claimant urges that this is very technical and that he did file an application for reconsideration, which should be considered an application for a rehearing, and that he acted upon the advice of the local representatives of the Commission in Youngstown, who also recommended the allowance of his claim. It appears that the Commission had separate blanks for each purpose, and Worsley filed an application for the reconsideration of his claim, which was allowed.

It may seem somewhat technical to differentiate between reconsideration and rehearing but if the plaintiff in error's contention be granted, that the Commission should have considered his application as one for rehearing, then there has been a rehearing in the case, so that the action would still be pending before the Commission to be passed upon, and he would in that event have no right of appeal. It is clear, therefore, that there was, for the reasons given, no right of appeal when an appeal was attempted, and the Court of Common Pleas was without jurisdiction to hear the cause, and, for that reason, properly excluded the testimony of the claimant. The fact that the Commission filed an answer would make no difference and would not invest the trial court with jurisdiction for the parties themselves could not, by agreement, do so, where none existed. If Worsley really acted upon the advice of the local representatives of the Commission and his rights suffered in consequence, it would seem that in all fairness a way should be found to fairly and fully de-

termine his rights. Refinement of technicality was never intended nor does not have a place in the Workmen's Compensation Law. However, the right to a rehearing is provided by the law itself, while a reconsideration is a matter within the discretion of the commission and is rather informal, consequently it follows that in the somewhat peculiar situation of the instant case the judgment of the Court below must be affirmed.

(Pollock and Roberts, JJ., concur.)